Filed 2/18/25  P. v. Robertson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WAYNE JEROME ROBERTSON,<br><br>Defendant and Appellant. | B335636<br><br>(Los Angeles County<br>Super. Ct. No. A616774) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Reversed.

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1980, a jury convicted Wayne Jerome Robertson of murder and found a felony-murder special circumstance true. In 2022, Robertson petitioned for resentencing pursuant to Penal Code[1] section 1172.6, and the trial court denied the petition at the prima facie stage. The trial court found Robertson was the actual killer in the felony murder.

On appeal, Robertson argues that the record of conviction does not conclusively establish all elements of a currently valid theory of murder. We agree. Although the record supports that the jury found Robertson participated in a robbery in which a death occurred, the record does not conclusively establish Robertson was the actual killer.

We reverse the trial court's order denying Robertson's section 1172.6 petition at the prima facie stage. Because we reverse, we do not consider Robertson's argument that his trial counsel rendered ineffective assistance of counsel.

## BACKGROUND

In 1979, the People charged Robertson with the murder of Ivory Collins, robbery, assault with intent to commit the murder of Frank Greshom, and the violation of the dangerous weapon control law.[2] With respect to the murder, the People alleged a felony-murder special circumstance. The People later amended

---

[1] Undesignated statutory citations are to the Penal Code.

[2] " 'The general purpose of The Dangerous Weapons[ ] Control Law (citation) is to control the threat to public safety in the indiscriminate possession and carrying about of concealed and loaded weapons.' [Citation.]" (*Garber v. Superior Court* (2010) 184 Cal.App.4th 724, 730.)

the information.[3]  Robertson was the only defendant charged in the information and amended information.  The jury verdict shows the jury convicted Robertson of first degree murder and found the felony-murder special circumstance true.  The remaining jury verdicts are not included in our record.

In 1982, this court affirmed the judgment of conviction. (*People v. Robertson* (Sept. 17, 1982) 2 Crim. No. 39454 [nonpub. opn.].)  The opinion states:  "On September 16, 1979, defendant, Wayne Jerome Robertson, entered a market, robbed the proprietor, Mr. Ivory Collins, at gunpoint, and then shot and killed him.  He also shot a customer, severely wounding him.

"Defendant was convicted by a jury of murder (Pen. Code, § 187), robbery (Pen. Code, § 211), assault with intent to commit murder (former Pen. Code, § 217), and possession of a firearm by a felon (Pen. Code, § 12021).  The jury found the special circumstance allegation of commission of murder during the commission of a robbery to be true and fixed the penalty at life without possibility of parole.  An allegation that defendant personally used a firearm during the commission of the murder having been found true, the two-year enhancement prescribed by Penal Code section 12022.5 was added to the life sentence, and the court ordered that this sentence run consecutively to the unstayed sentence of eight years and eight months imposed on the other counts." (*Robertson*, *supra*, 2 Crim. No. 39454, at p. 2.)

---

[3]  Although only part of the amended information is in our record, the absence of a full copy does not affect resolution of this appeal.

### 1. *Robertson's petition for resentencing*

In June 2022, Robertson petitioned for resentencing pursuant to section 1172.6.  Among other things, he averred he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189.  The trial court appointed counsel for Robertson.

### 2. *The People's opposition to resentencing*

The People argued Robertson could not establish a prima facie case because Robertson was "prosecuted and convicted as the actual killer."  The People further argued as the actual killer in a felony murder, Robertson was ineligible as a matter of law for resentencing.  The People attached the preliminary hearing and jury instructions to their opposition.  The People did not include a transcript of the trial in the record; the record does not reveal whether that transcript is still available.

#### a. *Jury Instructions*

As a preliminary matter, we note although the full text of some instructions is in our record, other instructions appear in our record only as a reference to a CALJIC instruction number and check mark as to whether the form instruction was modified.  Where the jury instructions indicate no modification, we refer to the 1980 form instruction.  Where the instruction is included in the record, we refer to the instruction from the record.  As set forth in our Discussion, *post*, where the text of a modified instruction is not included in the record, we cannot ascertain how the trial court instructed the jury.

The jury instructions indicate that the trial court defined murder pursuant to CALJIC No. 8.10.  That instruction provided

4

murder is the "unlawful killing of a human being with malice aforethought." (CALJIC No. 8.10 (1980 ed.).) The court modified the definition of malice aforethought by instructing the jury only on express malice and not on implied malice. The court modified the CALJIC first degree felony-murder instruction, but its modification is not included in our record.

The court instructed the jury on special circumstances pursuant to CALJIC No. 8.80, which informs the jury that if it finds defendant guilty of first degree murder, it must determine whether a special circumstance exists. (CALJIC No. 8.80 (1980 ed.).) The court instructed the jury on special-circumstance murder in the commission of robbery pursuant to section 8.81.17, which for the jury to find true, required the jury to find the murder was committed while defendant was engaged in, or was an accomplice in the commission or attempted commission of a robbery or during the immediate flight after the commission or attempted commission of a robbery. (CALJIC No. 8.81.17 (1980 ed.).)

The court instructed the jury on assault with intent to commit murder pursuant to CALJIC No. 9.01. As it existed in 1980, that instruction provided: "Every person who assaults another with the specific intent to commit murder, is guilty of the crime of assault to commit murder. [¶] In order to prove the commission of the crime of assault to commit murder, each of the following elements must be proved: [¶] 1. That a person was assaulted, and 2. That the assault was made with the specific intent to murder such person." (CALJIC No. 9.01 (1980 ed.).)

The court instructed the jury on whether defendant personally used a firearm in the commission of a felony as follows: Using a firearm "means to display a firearm in a

5

menacing manner, intentionally to fire it, or intentionally to strike or hit a human being with it."

### b. *Preliminary Hearing*

As pertinent to this appeal, during the preliminary hearing, Frank Gresham testified that on September 16, 1979, he was visiting his friend, Ivory Collins, in Collins's store. A "little girl" was also in the store. Robertson "slammed the door [to the store] and pulled" out a gun and said "Freeze." Robertson said, "This is a stickup. Put your hands in the air." Gresham stood about three feet from Robertson. He observed Robertson point the gun at Collins.

Robertson asked Collins, "Where is your money?" and Collins directed him to the cash register. Robertson put money in his pocket. Gresham did not see Robertson shoot him but heard a shot from behind and saw blood shoot out from his (Gresham's) head. Gresham heard three additional shots. Gersham had bullet wounds in his head.

## 3. *Robertson's reply*

Robertson argued he "filed a form Petition for Resentencing and checked all the appropriate and pertinent boxes, establishing a prima facie case for relief. If . . . this court accepts the allegations made by Mr. Robertson as true, without improperly engaging in fact-finding, the court must issue an order to show cause and set the matter for an evidentiary hearing." Counsel did not object to consideration of the preliminary hearing transcript.

## 4.  *Trial court order*

After a hearing, the trial court denied Robertson's petition for resentencing.  The trial court found Robertson ineligible for resentencing because he was the actual shooter.  Robertson timely appealed.

## DISCUSSION

Briefly summarized, Robertson makes the following arguments on appeal:  (1) Nothing in the record of conviction conclusively establishes that the jury found all elements of a currently valid theory of murder; and (2) trial defense counsel's failure to object to admission of the preliminary hearing transcript constitutes ineffective assistance of counsel.  Respondent argues Robertson was ineligible for resentencing as a matter of law and trial counsel did not render ineffective assistance of counsel.

We first address the substantive and procedural requirements of section 1172.6.  We then explain why the record of conviction fails to show *as a matter of law* that Robertson was ineligible for resentencing.  We need not address the ineffective assistance of counsel claim because we reverse the trial court's order.

## A.    The Resentencing Statute

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted

7

with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction." (*People v. Strong* (2022) 13 Cal.5th 698, 720.) Section 189, as amended, provides that in cases where a death occurs during the perpetration or attempted perpetration of specific felonies including robbery, a person is liable for murder only if the person was the actual killer, the person acted with intent to kill in aiding, assisting, or soliciting the killer, or if the person "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).)

Under section 1172.6, if a petition states a prima facie case for resentencing, the resentencing court must issue an order to show cause, and "must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' [Citation.]" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 960; § 1172.6, subd. (d)(1).)

In determining whether prima facie entitlement to relief has been shown, the trial court's inquiry will necessarily be informed by the record of conviction, which allows the court to distinguish "petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) In assessing a petition at the prima facie stage, the court may not engage in " 'factfinding involving the weighing of evidence or the

8

exercise of discretion.' [Citation.]" (*Id.* at p. 972.) Rather, the court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and make a " ' "preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." ' [Citation.]" (*Id.* at p. 971.)

A section 1172.6 petition may be denied at the prima facie stage only where the record of conviction " 'establish[es] conclusively that the [petitioner] is ineligible for relief' " (*People v. Curiel* (2023) 15 Cal.5th 433, 460), which showing is not made "unless the record conclusively establishes every element of the offense" under a valid theory. (*Id.* at p. 463.) With respect to felony murder, resentencing relief is unavailable if the defendant was the actual killer. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233.)

We independently review whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

**B. The Record of Conviction Does Not Show as a Matter of Law That the Jury Convicted Robertson on All Currently Valid Elements of Felony Murder**

As a matter of law, the jury found Robertson participated in a robbery in which a death occurred when it found true the felony-murder special circumstance. To find the special circumstance true, the jury had to have found the murder was committed while defendant was engaged in, or was an accomplice in the commission or attempted commission of a robbery or during the immediate flight after the commission or attempted commission of a robbery. (CALJIC No. 8.81.17 (1980 ed.).)

The principal question before us is whether the record of conviction also demonstrates as a matter of law that Robertson

9

was the actual killer. If it does, then Robertson would be ineligible for resentencing. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 233 [actual killer and only participant in the killing not entitled to resentencing relief under § 1172.6].)

> 1. **Assuming arguendo that the preliminary hearing transcript is part of the record of conviction, it does not show as a matter of law that Robertson was the actual killer**

Assuming for purposes of this appeal that the preliminary hearing transcript was properly part of the record of conviction,[4]

---

[4] Because the trial court engaged in impermissible fact finding even if the preliminary hearing transcript was part of the record of conviction, we need not resolve the parties' disagreement as to whether the trial court erred in considering the preliminary hearing transcript at the prima facie stage.

The matter before us involves a conviction following a jury trial and not a guilty plea. We acknowledge that on review in our Supreme Court is whether in assessing prima facie eligibility for sentencing relief following conviction by a guilty plea, the trial court may consider a preliminary hearing transcript as part of the record of conviction. (See, e.g., *People v. Mares* (2024) 99 Cal.App.5th 1158, 1173, review granted May 1, 2024, S284232 [court properly relied on preliminary hearing transcript when assessing prima facie case under § 1172.6]; *People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 [same]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [preliminary hearing transcript may be part of the record of conviction]; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166 [petitioner who pleaded guilty to second degree murder agreed that preliminary hearing transcript may be considered at prima facie stage of § 1172.6 evaluation]; *People v. Pickett* (2023)

the preliminary hearing transcript here does not demonstrate
that the jury necessarily found Robertson was the actual killer.
The fact Gresham testified at the preliminary hearing that
Robertson was the shooter does not show *as a matter of law* that
the jury necessarily made that finding.  At the prima facie stage
of a section 1172.6 petition, the trial court is charged with
determining whether the "record conclusively establishes every
element of the offense. . . ." (*People v. Curiel, supra*, 15 Cal.5th at
p. 463.)  To reiterate, at the prima facie stage, the trial court may
not make factual findings.  (*People v. Lewis, supra*, 11 Cal.5th at
p. 971.)

 No party argues the preliminary hearing transcript
necessarily shows the jury found Robertson was the actual killer.
Respondent acknowledges that the preliminary hearing
transcript is not "determinative."  Instead, respondent argues the
transcript "shed[s] light on the People's theories of guilt at trial."[5]
We fail to discern how respondent's argument sheds light on
what the jury necessarily found.

---

93 Cal.App.5th 982, 988, review granted Oct. 11, 2023, S281643
[preliminary hearing transcript may be considered following a
guilty plea when it " 'reliably reflect[s] the facts of the offense for
which the defendant was convicted' "]; but see *People v. Williams*
(2024) 103 Cal.App.5th 375, 397–403, review granted Sept. 11,
2024, S286314 [error to rely on preliminary hearing transcript at
prima facie state.)

 [5] Respondent further states that the Attorney General is
using the facts in the preliminary hearing transcript "only to
shed light on the prosecution's theory of the case during the trial
and not to suggest that any factfinding or weighing of evidence
would be appropriate at the prima facie stage of section 1172.6
proceedings."

11

## 2. The jury instructions and verdict do not necessarily establish all elements of felony murder as currently defined

Respondent argues the charges, instructions, and jury verdict demonstrate as a matter of law that Robertson is ineligible for resentencing. As previously stated, the special circumstance finding shows that the murder occurred during a robbery or during the immediate flight after the robbery. The question is whether the record of conviction also shows the remaining element of felony murder—that Robertson was the actual killer, acted with intent to kill, or as a major participant, acted with reckless indifference to human life. (§ 189, subd. (e).)

Initially, a "charging decision does not establish any facts as a matter of law." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339.) Thus, respondent's reliance on the charges to demonstrate ineligibility as a matter of law is misplaced.

Turning to the instructions, the record does not include the trial court's modification to the felony-murder instruction, making it impossible to determine what the jury found based on that instruction.[6] Because of the incomplete record, there is no support for respondent's assertion that the trial "court instructed the jurors that they could only find appellant guilty of felony murder if he perpetrated the underlying inherently dangerous felony and in the course of committing that felony he personally killed the victim." Without the felony-murder instruction, this case is not comparable to *People v. Harden, supra,* 81 Cal.App.5th

---

[6] Respondent improperly relies on the form instruction. The record shows that the trial court modified the instruction but does not contain that modified instruction.

at pp. 54–55 where the appellate court held the felony murder and other instructions given in that case required the jury to find the defendant was the actual killer. (*Id*. at p. 55.)

The felony-murder special-circumstance instruction in this case did not require the jury to find that Robertson was the actual killer, intended to kill, or was a major participant who acted with reckless disregard for life. The instruction required only that the jury find that the murder occurred during the commission of a robbery or the flight after the robbery.

Respondent correctly contends the jury necessarily found Robertson intended to kill Gresham when he assaulted Gresham. Respondent argues that finding also shows Robertson intended to kill Collins because only a "single incident" occurred. We need not decide whether a defendant necessarily has the same intent when a felony murder and assault to commit murder occur as part of a "single incident" because respondent cites no record support showing that *as a matter of law*, the felony murder and the assault with intent to kill were part of a "single incident." To the extent respondent is relying on the appellate opinion following Robertson's direct appeal, that reliance is inappropriate. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 [factual summary in appellate opinion may not be used to determine petitioner's eligibility for § 1172.6 resentencing at prima facie stage].) To the extent respondent is relying on the preliminary hearing transcript, as respondent acknowledges, that transcript only "sheds light" but is not "determinative."

The firearm instruction given in this case also does not show the jury necessarily found Robertson was the actual killer. Under the given instruction, Robertson could have displayed the firearm in a menacing manner or used it to strike a human being.

13

In contrast to *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1233, 1245–1246, the jury in the case before us was not instructed that it had to find Robertson "personally and intentionally discharged a firearm and caused great bodily injury and death . . . ." Thus, *Beaudreaux*'s conclusion that a defendant who discharged the firearm and caused great bodily injury and death was the actual killer (*ibid.*) does not apply here.

Finally, Robertson argues his trial counsel rendered ineffective assistance of counsel because "the preliminary hearing transcript was not part of the record of conviction and was inadmissible to establish the basis of the conviction." Because we have considered de novo Robertson's eligibility under section 1172.6 and reverse the trial court's order, we need not consider his claim of ineffective assistance of counsel.

## DISPOSITION

The trial court's order denying Wayne Jerome Robertson's resentencing petition at the prima facie stage is reversed. Upon remand the trial court shall issue an order to show cause. (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.)

<u>NOT TO BE PUBLISHED.</u>


BENDIX, J.


We concur:



ROTHSCHILD, P. J.                    WEINGART, J.


14